UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PATRICK KLINE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> IOVATE HEALTH SCIENCES U.S.A., INC., <br><br> Defendant. | Case No.: 3:15-cv-02387 <br><br> **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DOC. 20] WITH LEAVE TO AMEND** |

Pending before the Court is Defendant's motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed an opposition and Defendant replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1 (d)(1). For the reasons stated below, the Court **DENIES** in part and **GRANTS** in part Defendant's motion. Plaintiffs are granted leave to amend.

**I.     BACKGROUND**

Ronald Patrick Kline and Yamil Caraballo ("Plaintiffs") are residents of California and New York, respectively. (Compl. ¶¶ 12-13.) Plaintiffs filed this putative class action alleging false advertising under California state law along with other California and New York state consumer protection claims. Iovate Health Sciences U.S.A., Inc. ("Iovate" or

"Defendant") is a Delaware corporation that manufactures a variety of protein powder products.  (*Id*. ¶ 14.)

Plaintiffs allege violations of state and federal laws that prohibit nonfunctional slack-fill in packaging.  Under federal law, "[s]lack-fill is the difference between the actual capacity of a container and the volume of product contained therein." 21 C.F.R. § 100.100(a).  "Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for reasons other than" specified in the statute.  *Id.*  A package containing nonfunctional slack-fill is misleading if consumers are unable to fully view the contents.  *Id.*  A food is misbranded "if its container is so made, formed, or filled as to be misleading." *Id.* § 100.100.  Under California's slack-fill statute, no container should be constructed or filled "as to facilitate the perpetration of deception or fraud." Cal. Bus. & Prof. Code § 12606(a).  A container is "misleading if it contains nonfunctional slack fill," which is "empty space in a package that is filled to substantially less than its capacity for reasons other than" those specified in the statute.  Cal. Bus. & Prof. Code § 12606(b).

According to the complaint, Iovate intentionally packages its products in opaque containers comprised of more than 40% empty space to mislead consumers.  (Compl. ¶ 1.)  If Plaintiffs had known about the slack-fill at the time of purchase, they would not have bought the products.  (*Id*. ¶ 6.)  Plaintiffs claim there is no functional reason for the slack-fill contained in Iovate's products.  (*Id.* ¶ 28.)  They contend the empty space is nonfunctional slack-fill in violation of both C.F.R. §100.100 and Cal. Bus. & Prof. Code §12606.

Plaintiffs assert five causes of action: (1) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.; (2) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (4) violation of New York Deceptive Trade Practices Act ("DTPA"), New York Gen. Bus. Law § 349; and (5) negligent misrepresentation.  The Court has jurisdiction

pursuant to 28 U.S.C. § 1332(a).  Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

A motion under Rule 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted where the complaint lacks a cognizable legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted).  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party.  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006).  Even if doubtful in fact, factual allegations are assumed to be true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Id.* at 556 (internal quotation marks and citation omitted).  On the other hand, legal conclusions need not be taken as true merely because they are couched as factual allegations.  *Id.* at 55; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Generally, the Court does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Instead, the allegations "must be enough to raise a right to relief above the speculative level."  *Id*.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

In support of dismissal, Defendant initially argues Plaintiffs failed to sufficiently allege that the slack-fill contained in the packaging is nonfunctional, and that the Court cannot reasonably infer that Defendant systematically and intentionally packaged its products with nonfunctional slack-fill. The Court disagrees. Plaintiffs sufficiently alleged there is no functional reason for including more than 40% slack-fill in the protein product packages.

### A.    False Advertising Law and Consumers Legal Remedies Act Claims

First, Defendant argues for dismissal of the FAL and CLRA claims based on the statute of limitations. When a motion to dismiss is based on the statute of limitations, it may be granted if, "[a]ccepting as true the allegations in the complaint, as [the Court] must when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), . . . the running of the statute is apparent on the face of the complaint." *Huynh*, 465 F.3d at 997 (internal quotation marks and citations omitted); *see also Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

Defendant claims the complaint failed to specify when Plaintiffs purchased Iovate's products. According to the complaint, Plaintiffs purchased the products within the last four years. (Compl. ¶¶12-13.) Claims under the FAL and CLRA have a three-year statute of limitations period. Cal. Civ. Code §§ 338 and 1783. It therefore appears

that the claims could be time barred. The FAL and CLRA claims are therefore dismissed.

The Court must next consider whether the Plaintiffs should be granted leave to amend. *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citation omitted). Dismissal without leave to amend is not appropriate unless it is clear the complaint cannot be saved by amendment. *Id.* Because it appears Plaintiffs may be able to amend the complaint to avoid the statute of limitations bar, leave to amend is granted.

Because the FAL and CLRA claims are dismissed as time barred, the Court need not address Defendant's other arguments for dismissal of the same claims.

**B.    Unfair Competition Law Claim**

Defendant next argues Plaintiffs' UCL claims are barred by the safe harbor rule. Under the rule, there can be no UCL liability for engaging in conduct that is clearly permitted by a statute. *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 (9th Cir. 2011); *see also Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999). However, Defendant has not established it is entitled to one or more safe harbors contained in either C.F.R. §100.100 or Cal. Bus. & Prof. Code §12606. Defendant's safe harbor argument is therefore unavailing.

Defendant further argues Plaintiffs failed to establish standing under UCL. To have standing, a plaintiff must have suffered an economic injury-in-fact. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013). Plaintiffs allege they would not have purchased the product but for the misrepresentation. (Compl. ¶ 6.) This is sufficient to meet the requirement. *Hinojos*, 718 F.3d at 1104; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 330 (2011).

Lastly, Defendant argues Plaintiffs failed to meet the heightened pleading standard under Rule 9(b). Claims "grounded in fraud ... must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (internal quotation marks and citation omitted). Under California law, the elements of a cause of action for fraud are: "(1) misrepresentation, (2) knowledge of the falsity or scienter, (3) intent to defraud—that is, induce reliance, (4) justifiable reliance, and (5) resulting damages." *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1090 (2013) (internal quotation marks and citation omitted). The UCL claim involves allegations of fraudulent conduct, deception or misrepresentation. Therefore, Rule 9(b) applies to the extent the UCL claim is based on a misrepresentation. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009).

In alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Fraud allegations must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (internal quotation marks and citation omitted). Therefore, a complaint must include "the who, what, when, where, and how of the misconduct charged." *Id.* (internal quotation marks and citation omitted).

Defendant argues Plaintiffs failed to allege which Iovate products were purchased and when those purchases occurred, as required under Rule 9(b). In *Kearns*, the plaintiff alleged Ford Motor Company "knowingly misrepresent[ed] to the public that [the] vehicles [were] safer and more reliable, with an intent to induce reliance and defraud

consumers." *Kearns*, 567 F.3d at 1127. However, the plaintiff failed to allege which advertisement materials he relied upon, and did not specify when he was exposed to the material. *Id.* at 1126. The Court held the UCL claim did not comply with Rule 9. *Id.* at 1127-28.

Although Plaintiffs generally allege they purchased Iovate's products within the last four years, they do not allege which products they purchased or when they purchased them. An allegation that Plaintiffs purchased an unspecified Iovate product sometime during a four year span does not meet the heightened pleading standard required under Rule 9(b). Plaintiffs therefore failed to allege their UCL claim with the required particularity, and the UCL claim is dismissed. However, because they may be able to allege additional facts to meet Rule 9, leave to amend is granted.

### C. Negligent Misrepresentation

Defendant claims California's economic loss doctrine applies to Plaintiffs' negligent misrepresentation claim and bars Plaintiffs' tort recovery based solely on economic damages. *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002); *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988-89 (2004). Defendant argues the negligent misrepresentation claim must be dismissed because Plaintiffs failed to allege any personal injury or property damage in the complaint. In opposition, Plaintiffs argue the rule does not apply because of a special relationship. In determining whether a special relationship exists, courts analyze:

> (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm.

*J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 804 (1979). Plaintiffs did not adequately allege a special relationship. They alleged that because Defendant "is in the unique position of being able to provide accurate information about [the] products," a special relationship

exists. (Compl. ¶ 96.) To the extent Plaintiffs suggest that there is a special relationship between a consumer goods manufacturer and a customer, they failed to cite any authority in support of this proposition. Plaintiffs' negligent misrepresentation claim is therefore dismissed. Because Plaintiffs may be able to allege sufficient facts, dismissal is with leave to amend.

### III. CONCLUSION

Defendant's motion to dismiss is **GRANTED** with respect to the FAL, CLRA, UCL and negligent misrepresentation claims, and **DENIED** in all other respects. If Plaintiffs wish to file a second amended complaint, they must do so no later than April 20, 2017. Defendant shall file a response, if any, to the second amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated: March 24, 2017

_____
Hon. M. James Lorenz
United States District Judge